Hébert v. Hébert.

---

·MARIE CONSTANCE HÉBERT *v.* VALENTINE HÉBERT.

APPEAL from the District Court of West Baton Rouge, *Deblieux*, J.

*R. N.* and *A. N. Ogden*, for the plaintiff.

*Labauve*, for the appellant.

SIMON, J. This action, based upon the act of mortgage which was the subject of our decision in the case of *Lejeune* v. *Hébert*,

just decided, was instituted to recover one-third of the sum therein acknowledged to be due by the defendant, to the heirs and minor children of Landry Allain. The defence consists in a plea of the prescription of ten years, against the personal action and against the mortgage; and in a plea of payment of several sums, which, it is alleged, the plaintiff received at different periods, on account of the demand sued on. Judgment was rendered below against the defendant for the amount sued for, subject to the several credits established by the receipts by him produced, and giving effect to the mortgage by which the debt was originally secured. The defendant has appealed.

The evidence shows, that the plaintiff's first husband, in whose right she sues as tutrix to his minor children and heirs, was not of age until the 8th of September, 1834; and that several payments were made to him, and to his widow, at different periods, to wit, in 1836, 1837 and 1838. This action was instituted on the 26th of October, 1843; and it is clear, that the personal action was not prescribed at the time of the institution of suit.

On the question whether effect should be given to the mortgage after the expiration of ten years, although not inscribed as required by art. 3333 of the Civil Code, we refer to the case just decided, in which we held, that such effect had ceased, and that the property was disencumbered long before the institution of this suit. So it must be in the present case.

It is, therefore, ordered, that the judgment of the District Court, so far as it allows to the plaintiff the amount sued for, with interest at six per cent until paid, subject to the credits and deductions therein mentioned, be affirmed, with costs in the lower court; that it be reversed and avoided as to the mortgage therein recognized; and that the costs of this appeal be borne by the appellee.